# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M2M SOLUTIONS LLC, | |
| Plaintiff, | |
| v. | C.A. No.: 18-cv-01532-LPS-CJB |
| AMAZON.COM, INC., | |
| Defendant. | |

## OPENING BRIEF IN SUPPORT OF MOTION TO STAY
## PENDING *INTER PARTES* REVIEW

OF COUNSEL:

Christina J. McCullough
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
(206) 359-8000

Daniel T. Shvodian
Wing H. Liang
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

July 15, 2019

Steven J. Balick (No. 2114)
Andrew C. Mayo (No. 5207)
ASHBY & GEDDES
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
(302) 504-3700
sbalick@ashby-geddes.com
amayo@ashby-geddes.com

Attorneys for Defendant
AMAZON.COM, INC.

**TABLE OF CONTENTS**

I.   NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1

II.  INTRODUCTION .......................................................................................................... 2

III. SUMMARY OF THE ARGUMENT ............................................................................. 2

IV.  STATEMENT OF FACTS ............................................................................................. 4

    A.  The Related Case IPRs Invalidated the Related Case Patents ............................... 4

    B.  M2M Filed This Action While the Related Case IPRs Were Pending and Stipulated to Stay the Action Until Now ................................................................ 5

V.   ARGUMENT .................................................................................................................. 7

    A.  A Stay Will Simplify the Issues for the Court to Resolve in this Case ................. 8

        1.  The '477 and '989 Claims are Nearly Identical to the Invalidated Claims of the Related Case Patents and Will Likely be Invalidated on Similar Grounds ............................................................................... 8

        2.  The Similarity Between the '477/'989 and Related Case Patents Merits Staying this Case Prior to Institution ............................................. 9

        3.  The '477/'989 IPRs Will Substantially Simplify, and Perhaps Obviate Entirely, the Issues to be Decided in this Case ........................... 11

    B.  This Action is in Its Earliest Stages, as No Case Schedule Has Been Entered and No Trial Date Set .............................................................................. 12

    C.  A Stay Will Not Unduly Prejudice M2M, Because M2M Will Be Sufficiently Compensated By Money Damages .................................................. 13

IV.  CONCLUSION ............................................................................................................. 14

## TABLE OF AUTHORITIES

**CASES**

*Contour IP Holding, LLC v. GoPro, Inc.*,
  No. CV 15-1108-LPS-CJB, 2016 WL 4474340 (D. Del. July 14, 2016) ..................... 11, 12, 13

*Copy Prot. LLC v. Netflix, Inc.*,
  No. CV 14-365-LPS, 2015 WL 3799363 (D. Del. June 17, 2015) ........................................... 9

*FMC Corp. v. Summit Agro USA LLC*,
  Civil Action No. 14-51-LPS, 2014 WL 3703629 (D. Del. 2014) ........................................... 12

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
  No. CV 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) .................................. 10, 11

*Peschke Map Techs., LLC v. J.J. Gumberg Co.*,
  40 F. Supp. 3d 393 (D. Del. 2014) ........................................................................................ 7

*Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*,
  Civil Action Nos. 12-1461-LPS-CJB, 13-335-LPS-CJB, 2014 WL 3819458
  (D. Del. Jan. 15, 2014) ................................................................................................. passim

*Round Rock Research LLC v. Dole Food Co. Inc.*,
  Civil Action Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL
  1185022 (D. Del. Apr. 6, 2012) ............................................................................................ 7

*Softview LLC v. Apple Inc.*,
  C.A No. 12–989–LPS, C.A. No. 10–389–LPS, 2013 WL4757831 (D. Del.
  Sept. 4, 2013) ...................................................................................................................... 11

**STATUTES**

35 U.S.C. § 315(e)(2) .................................................................................................................. 11

I.      NATURE AND STAGE OF THE PROCEEDINGS

This patent case is closely related to another case before this Court, Civil Action No. 17-cv-202-LPS-CJB (the "Related Case"), which is stayed.

Plaintiff M2M Solutions LLC ("M2M") filed its Complaint against Defendant Amazon.com, Inc. ("Amazon") in the Related Case on February 28, 2017, alleging that Amazon's Kindle e-reader devices, and devices running the Kindle application, infringe three related patents.[1] Amazon filed IPRs challenging those three patents, and the Patent Trial and Appeal Board ("Board") recently issued Final Written Decisions invalidating all three patents. M2M and Amazon jointly stipulated to stay the Related Case pending M2M's appeal. *See* Related Case at D.I. 61.

M2M filed this action while the IPRs for the Related Case patents were pending. The two patents asserted in this case—U.S. Patent Nos. 9,961,477 ("the '477 patent") and 10,038,989 ("the '989 patent")—are related to and share an identical specification with the Related Case patents. The claims of the '477/'989 and Related Case patents are highly similar, and M2M accuses the same Kindle functionality in both cases. Thus, shortly after Amazon filed its Answer in this case, the parties asked the Court to stay the case pending resolution of the Related Case IPRs (D.I. 13), and the parties did so again pending M2M's Requests for Rehearing after the Board invalidated the Related Case patents (D.I. 14). The Court granted both requests. The Board denied M2M's rehearing requests on June 6, 2019, and the parties filed a joint status report on June 20, 2019. D.I. 15 at 2.

No case management conference has been held and no schedule has been issued. Amazon has now filed IPRs challenging the '477/'989 patents on substantially the same grounds as those

---

[1] U.S. Pat. Nos. 8,504,007 ("the '007 patent"), 8,577,358 ("the '358 patent"), and 8,577,359 ("the '359 patent") (collectively, "the Related Case patents").

the Board relied upon in invalidating the Related Case patents. Those IPRs form the basis for this Motion.

## II. INTRODUCTION

There is no material difference between the '477/'989 patents and the invalidated Related Case patents with respect to invalidity. Amazon submits that the Court should not be called upon to adjudicate claims nearly identical to claims the Board has invalidated.

No activity has occurred yet in this case—instead, at the parties' joint request, the Court has repeatedly stayed the case pending resolution of the Related Case IPRs. M2M does not compete against Amazon, and if M2M prevails, it can be fully compensated for any injury with money damages. And staying this case pending resolution of the '477/'989 IPRs would yield all of the recognized case-simplification advantages, including the potential to resolve this action altogether. The only variance from what would otherwise be a straightforward stay request is that the Board has not yet instituted the '477/'989 IPRs.

Given the unusual circumstances of this case, the early nature of Amazon's request should not preclude the requested stay. The Board recently invalidated all of the Related Case patents as obvious. The claims of the '477/'989 patents are not materially different from the Related Case patents, and Amazon's '477/'989 IPR petitions adopt the Board's same reasoning and rely on the Board's cited prior art. The Board is thus highly likely to institute review in the '477/'989 IPRs. Given this high likelihood, there is no reason for the Court to wait six more months—during which time the Court may be asked to resolve claim construction issues, discovery disputes, and motions on the pleadings, all for likely-invalid patents—before acting to conserve its resources and those of the parties via the requested stay.

## III. SUMMARY OF THE ARGUMENT

1. The claims of the '477 and '989 patents are nearly identical to the claims of the

Related Case patents. Specifically, the '358 patent, like the '477/'989 patents, recites methods for operating a remote server platform. The independent claims of these patents differ by only a few words. The dependent claims of the '477/'989 patents simply combine limitations from dependent '358 claims that the Board has already found invalid. The Board has twice confirmed the invalidity of the Related Case patents, first in Final Written Decisions and again in denials of M2M's Requests for Rehearing, and Amazon has now filed IPRs challenging the '477/'989 patents on the same prior art the Board relied upon in the Related Case IPRs. Given the substantial similarity between the claims, the Board is unlikely to reach a different result in the '477/'989 IPRs.

2. A stay will simplify the issues in this case and save valuable judicial and party resources. Given the similarity between the '477/'989 and Related Case Patents, it is highly likely that the Board will invalidate the '477/'989 patents on reasoning similar to that of the Related Case IPRs. Should that occur, this case will be over. If any '477/'989 claims survive IPR, the impacts of estoppel, claim construction, insight into the Board's invalidity analysis, and partial claim invalidation will streamline these proceedings significantly.

3. A stay is particularly appropriate here because this action is still in its infancy. This Court has not issued a Scheduling Order and the parties have not participated in a scheduling conference. The parties have not exchanged initial disclosures or engaged in discovery, and a trial date has not been set. Such lack of activity weighs strongly in favor of a stay.

4. M2M will not be unduly prejudiced by the requested stay. M2M is a non-practicing entity and has repeatedly affirmed that it only seeks a reasonable royalty. Any relief that M2M may ultimately receive will be solely monetary. And M2M has stipulated to multiple stays, confirming that it will not be harmed by a reasonable stay.

IV.     **STATEMENT OF FACTS**

The asserted '477/'989 patents, like each of the Related Case patents, are entitled "System and Method for Remote Asset Management" and share a common specification. The patents purport to disclose a system that includes "a plurality of [consumer device] assets" and a "remote system server service platform … configured to receive remote asset data." '477 patent at Abstract; '989 patent at Abstract. The '477/'989 patent claims recite methods for operating this remote server platform. The claimed methods generally include steps of receiving communications that contain "operational status" and "consumer usage" information from consumer devices; automatically processing the received information; and, based on having processed some of the consumer usage information, sending "management instructions" to the devices that cause stored data on the devices to be modified. *See* '477 patent, claim 1; '989 patent, claim 1.

The '358 patent recites similar methods for operating a remote server platform. The related '359 and '007 patents recite device (server) and system analogues, respectively.

A.      **The Related Case IPRs Invalidated the Related Case Patents.**

On August 8, 2017, Amazon filed IPR petitions challenging each of the Related Case patents as obvious over U.S. Patent No. 6,421,717 ("Kloba") in combination with U.S. Patent No. 6,671,757 ("Multer"). *See* Case Nos. IPR2017-01891, IPR2017-01892, IPR2017-01893 (collectively, the "Related Case IPRs"). The Board instituted each of the Related Case IPRs, and the parties jointly stipulated to stay the Related Case pending resolution of the IPRs. *See* Related Case, D.I. 61.

The Board issued Final Written Decisions in each IPR on February 7, 2019, finding that the combination of Kloba and Multer rendered every claim of all Related Case patents obvious. *See* Ex. 1 (Case IPR2017-01892 ("'358 IPR") Final Written Decision). The Board specifically

rejected M2M's argument that the prior art failed to disclose "consumer usage information" that "identif[ied] the manner in which a consumer has used a consumer device asset," finding that Kloba did, in fact, disclose such information. *Id*. at 40-41.

M2M moved for rehearing of the Board's decisions, arguing that the Board should have construed the "management instructions" claim terms "to mean that the management instructions themselves, rather than the communication of those instructions, be based upon the results of processing the consumer usage information." *See* Ex. 2 ('358 IPR Decision Denying Request for Rehearing) at 4. The Board denied rehearing on June 6, 2019. The Board specifically rejected M2M's claim construction arguments, determining that "according to the plain language of claims 1 and 20, it is the *communication* of management instructions, not the management instructions *themselves*, that is based upon the results of processing at least some of the received consumer usage information." *Id.* at 8 (emphasis added).

M2M has indicated that it intends to appeal the Board's decisions. D.I. 15 at 2. In the meantime, the Court has extended the stay of the Related Case pending resolution of any appeal, pursuant to the parties' stipulation. *See* Related Case, June 20, 2019 Docket Order.

    **B.**    **M2M Filed This Action While the Related Case IPRs Were Pending and Stipulated to Stay the Action Until Now.**

After Amazon filed the IPRs on the Related Case patents, M2M filed the applications that led to the '477 patent (in October of 2017) and the '989 patent (in March of 2018). Both patents issued in mid-2018, well before the Board's Final Written Decisions invalidating the Related Case patents. Both patents are related to the patents invalidated by the Board in the Related Case and have identical specifications to the invalidated patents.

The claims of the '477/'989 patents are also highly similar to the '358 patent claims. *See* Exs. 3 and 4 (redlining '477 and '989 patent claims, respectively, against '358 claims). For

the '477 patent, the only meaningful change M2M made to the independent claims was to specify that the consumer usage information "identif[ied] a manner in which a consumer user has used the particular sending consumer device asset." Ex. 3 at 2. The '477 dependent claims largely repeat limitations from the '358 dependent claims, sometimes in a different order. *Id*. at 3-17. The '989 patent was amended further to specify that the consumer usage information "identif[ied] the manner in which a consumer user has used a *particular feature* of the particular sending consumer device asset" (emphasis added). Ex. 4 at 2. Again, the '989 dependent claims repeat and reorder limitations from the '358 dependent claims. *Id*. at 3-17.

M2M filed its Complaint in this case on October 3, 2018, and Amazon answered on November 29, 2018. D.I. 1, 10. After Amazon answered the Complaint, M2M and Amazon jointly stipulated to stay this case pending resolution of the Related Case IPRs. D.I. 13. The parties informed the Court that the asserted '477/'989 patents "are continuations of the patents that [M2M] has asserted against Amazon in the Related Case," and that both cases "target the same accused instrumentalities." *Id*. at 1. The parties also informed the Court that there were "substantial common questions of law and fact as between this action and the Related Case" and that "the interests of judicial economy as well as [the parties'] own interests will best be served if this action is stayed pending resolution of the Related Case IPR proceedings." *Id*. at 1-2. The Court stayed this case on Dec. 12, 2018.

After the Board issued its Final Written Decisions invalidating the Related Case patents, the parties filed a joint status report apprising the Court of those decisions. D.I. 14. M2M represented that it "intend[ed] to file Requests For Rehearing … to persuade the PTAB to reverse its prior unpatentability determinations" and "agree[d] that it would be in the best interests of judicial economy for the Court to reinstate and extend the stay of this action" pending the

resolution of the rehearing requests.  *Id*. at 2.  As discussed, the Board denied M2M's rehearing requests on June 6, 2019.  Ex. 2.

Amazon filed IPR petitions challenging all claims of the '477 and '989 patents on July 11, 2019.  *See* Case Nos. IPR2019-01204, IPR2019-01205 (collectively, "the '477/'989 IPRs").  These petitions set forth invalidity grounds based on the same Kloba and Multer prior art that the Board relied upon in invalidating the Related Case patents.

### V.     ARGUMENT

"A decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's inherent power to conserve judicial resources by controlling its own docket."  *Peschke Map Techs., LLC v. J.J. Gumberg Co.*, 40 F. Supp. 3d 393, 395-96 (D. Del. 2014) (citation omitted).  This Court considers three factors when deciding a motion to stay: "(1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage."  *Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, Civil Action Nos. 12-1461-LPS-CJB, 13-335-LPS-CJB, 2014 WL 3819458, at *2 (D. Del. Jan. 15, 2014) (citing *Round Rock Research LLC v. Dole Food Co. Inc.*, Civil Action Nos. 11-1239-RGA, 11-1241-RGA, 11-1242-RGA, 2012 WL 1185022, at *1 (D. Del. Apr. 6, 2012)).

Each of these three factors weighs in favor of staying this case pending resolution of the '477/'989 IPRs.  The IPRs will likely render M2M's claims involving the asserted '477/'989 patents moot, and, at the very least, they will simplify the issues that this Court must decide.  This case has proceeded no further than the pleadings stage.  Further, as a non-practicing entity that does not compete with Amazon and has repeatedly agreed to a stay, M2M will not be prejudiced by the requested stay.

### A. A Stay Will Simplify the Issues for the Court to Resolve in this Case.

Amazon's requested stay will greatly simplify the issues to be resolved by the Court. If the Board continues to apply the rationale from the Related Case IPRs to the '477/'989 IPRs, those patents will be found invalid and this case will be over. The Court should not be asked to preside over a case where nearly identical claims have been found invalid. On the other hand, should any claims of the '477/'989 patents survive IPR, the impacts of estoppel, claim construction, and the possible invalidation of a subset of the claims could dramatically narrow the scope of the parties' dispute. Under either outcome, a stay will simplify the case.

#### 1. The '477 and '989 Claims are Nearly Identical to the Invalidated Claims of the Related Case Patents and Will Likely be Invalidated on Similar Grounds.

M2M protests that it specifically drafted the claims of the '477 and '989 patents "to add significant new limitations to both their dependent and independent claims designed to write-around and further defeat Amazon's previous IPR arguments and art[.]" D.I. 15 at 3. Exhibits 3 and 4 compare the '477 and '989 patent claims to the invalidated '358 patent claims. As these comparisons show, the amendments are not "significant" at all in the context of invalidity. Indeed, given that the Board issued its Final Written Decisions in the Related Case IPRs *after* the '477/'989 patents had issued, it obviously is not true that M2M amended the patent claims to "write-around" the Board's obviousness findings.

The independent claims of the '477 patent differ from those of the '358 patent primarily with respect to the "consumer usage information" limitation: while the '358 patent recited receiving "consumer usage information" at the server, the '477 patent extended this limitation to require receiving "consumer usage information identifying a manner in which a consumer user has used the particular sending consumer device asset." Ex. 3 at 2. But the Board *specifically found* that the Kloba prior art from the Related Case IPRs discloses M2M's added limitation:

> We preliminarily determined that [Kloba's disclosure of] a user selecting a channel or preference on a mobile device, per the user interfaces of Figures 12 and 17, are uses of the mobile device and that, under Patent Owner's proposed construction, *information indicating that the user has selected a channel or preference using the mobile device is "information identifying the manner in which a consumer has used a consumer device asset. …*
>
> We find that information sent from the client indicating that channels and preferences have been selected by a consumer *constitutes information relating to a consumer's use of a client* and, thus, constitutes consumer usage information.

Ex. 1 at 40-41 (emphasis added). Again, because the '477 patent issued before the Board's decision, M2M could not have "written-around" this finding, as M2M contends. The dependent claims of the '477 patent simply mix and match limitations that the Board has already found obvious in the Related Case IPRs. Ex. 3 at 3-17.

The independent claims of the '989 patent are nearly identical to the claims of the '477 patent. The '989 claims differ in that they further recite that the consumer usage information "identif[ies] a manner in which a consumer user has used *a particular feature of* the particular sending consumer device asset." But Kloba readily discloses this detail through its disclosure of sending the server information about "user/client behavior," such as "the number of times that a user has viewed a particular page or listened to a particular song." Kloba at 16:64-17:1. The dependent claims of the '989 patent are largely identical to the dependent '477 claims. *See* Ex. 5.

Thus, the Kloba-based invalidity rationale that the Board already has applied in the Related Case IPRs continues to apply with full force to all claims of the '477/'989 patents.

    **2.    The Similarity Between the '477/'989 and Related Case Patents Merits Staying this Case Prior to Institution.**

Amazon is aware that this Court has expressed reluctance to stay a case pending an IPR before institution. *E.g.*, *Copy Prot. LLC v. Netflix*, *Inc.*, No. CV 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015). This, however, is not a normal case. As discussed above, the

difference between the '477/'989 claims and the invalidated claims of the Related Case patents is minimal. The Board has already decided that the Kloba prior art patent discloses the primary limitation M2M added to the '477 patent claims. The incremental amendments to the '989 claims do not change that calculus.

Given the similarity of the '477/'989 claims to those of the invalidated Related Case patents, it is highly likely that the Board will institute the '477/'989 IPRs. This makes the present case analogous to the situation presented in *Princeton Digital*, where the Court granted a motion to stay that was filed just a few weeks after the IPR petition. 2014 WL 3819458, at *1. In that case, the Court observed that "from a statistical perspective, the probability of a grant of review is very high." *Id*. at *2. Further, although "it is difficult to predict the outcome of an IPR proceeding in advance, with such a high percentage of the patent's claims … potentially at issue before the PTO, there will likely be notable simplification of issues if a stay is granted and the IPR commences." *Id*. Thus, the Court determined that the potential for simplification of issues favored a stay, even though the Board had not yet instituted IPR. *Id*. Here, the '477/'989 IPR petitions cover *all* claims of those patents. And the likelihood of the Board granting review is high, due to the successful Related Case IPRs—just like in *Princeton Digital*. *See also Neste Oil OYJ v. Dynamic Fuels, LLC*, No. CV 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) ("While [patent owner] is correct that PTO has yet to render a decision on [defendants'] petition, the statistics referenced by the defendants suggest that it will likely grant review.").

Under these unusual circumstances, where the Board has already invalidated substantially similar claims over the same art presented in the '477/'989 IPR petitions, "the probability of a grant of review [of the '477/'989 IPRs] is very high." *Princeton Digital*, 2014 WL 3819458, at *2. The pre-institution timing of Amazon's request should not preclude a stay.

### 3. The '477/'989 IPRs Will Substantially Simplify, and Perhaps Obviate Entirely, the Issues to be Decided in this Case.

Staying this case pending resolution of the '477/'989 IPRs could result in the case being dismissed altogether. If the Board were to find all asserted '477/'989 claims invalid—as it did for all claims of the Related Case patents—the "litigation would be simplified because it would be concluded." *Softview LLC v. Apple Inc.*, C.A No. 12–989–LPS, C.A. No. 10–389–LPS, 2013 WL4757831, at *1 (D. Del. Sept. 4, 2013) (internal quotation marks omitted). And if "even some of the asserted claims [are] found invalid, that finding would reduce the number of issues left to be litigated." *Id*.

Further, even if "some or all of the claims are found not invalid ... litigation should be somewhat simplified due to the estoppel effect that the IPR proceeding would have here … as well as due to insight that the Court could gain from the PTO's review process." *Princeton Digital*, 2014 WL 3819458, at *2 (quotations omitted); see also *Contour IP*, 2016 WL 4474340, at *3 ("in light of the fact that estoppel will apply … for non-cancelled claims on which trial is instituted, 35 U.S.C. § 315(e)(2), the Court agrees … that a stay will significantly help further the simplification of issues in this case"). Courts in this district have recognized that stays pending IPR can simplify the litigation in various additional ways, including because "all prior art presented to the court at trial will have been first considered by the PTO with its particular expertise" and "many discovery problems relating to the prior art can be alleviated." *Neste Oil*, 2013 WL 3353984, at *4.

For these reasons, considerations of case simplification weigh in favor of the stay.

### B. This Action is in Its Earliest Stages, as No Case Schedule Has Been Entered and No Trial Date Set.

"[S]taying a case in its early stages in favor of an IPR proceeding can advance judicial efficiency, in that this prevents the court and parties from expending resources on claims that may later be rendered invalid." *Contour IP Holding, LLC v. GoPro, Inc.*, No. CV 15-1108-LPS-CJB, 2016 WL 4474340, at *3 (D. Del. July 14, 2016) (citation omitted). This case is in its earliest stages and has seen no meaningful case activity. Amazon answered the Complaint on November 29, 2018 (D.I. 10), and the parties stipulated to a stay on December 11, 2018 (D.I. 13.). No scheduling conference has occurred, no scheduling order has been entered, discovery has not begun, no initial disclosures have been exchanged, and no trial date has been set. This very early stage of litigation "clearly favors a stay." *See FMC Corp. v. Summit Agro USA LLC*, Civil Action No. 14-51-LPS, 2014 WL 3703629, at *4 (D. Del. 2014); *Princeton Dig.*, 2014 WL 3819458, at *3 (D. Del. Jan. 15, 2014) ("Granting such a stay early in a case can be said to advance judicial efficiency and maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims."); *id*. at *4 (finding the early status of litigation favored a stay where "most of the significant case events are well in the future").

Additionally, Amazon has brought this Motion as early as it reasonably could have. The stipulated stay expired only recently, upon the Board's denial of M2M's rehearing requests. *See* D.I. 15 at 2. After attempting unsuccessfully to explore a joint stay request—similar to the ones the parties had submitted before—Amazon filed this Motion just a few days after it filed the '477/'989 IPRs. The prompt filing of Amazon's request also weighs in favor of a stay.

### C. A Stay Will Not Unduly Prejudice M2M, Because M2M Will Be Sufficiently Compensated By Money Damages.

M2M will not be prejudiced by the requested stay. This Court considers four factors in determining whether a non-movant would suffer prejudice from, and whether the movant would gain an unfair tactical advantage from, a stay: "(1) the timing of the request for review; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the relationship of the parties." *Contour IP*, 2016 WL 4474340, at *4.

The timing of Amazon's '477/'989 IPRs indicates that it is not pursuing an inappropriate tactical advantage. Amazon filed the '477/'989 IPRs well before the statutory deadline and shortly after the Board's decisions terminating the Related Case IPRs. Because of the substantial claim overlap between the '477/'989 and Related Case patents, Amazon could not reasonably have filed the '477/'989 IPR petitions before it knew how the Board would interpret the language of the claims and analyze prior art with respect to the Related Case patents.

Amazon acted to file this Motion quickly, just days after filing the '477/'989 IPRs and a few weeks after the stay lifted. *Contour IP*, 2016 WL 4474340, at *4 (observing that defendant "filed the instant Motion very early in this case, and at an understandable time (e.g., at a time when, if [defendant] did not take action, litigation and discovery regarding Plaintiffs' infringement claims would soon proceed)."). No substantive events have occurred in this case to date.

The status of the IPR proceedings is discussed above, in Section V(A)(2). Although the Board has not yet instituted review in the '477/'989 IPRs, the probability that it will do so is high, given the outcome of the Related Case IPRs. Further, the scope of Amazon's requested stay is reasonable, being limited in duration to that of the statutory IPR scheme.

Finally, with respect to the parties' relationship, M2M does not compete with Amazon and it will not suffer any market injury if a stay is granted. *See Princeton Dig.*, 2014 WL 3819458, at

*6 ("Here, there is no dispute that the parties are not direct competitors.  Plaintiff is a non-practicing entity that does not participate in the relevant market and will not suffer any loss of market share or erosion of goodwill due to a stay."). Relatedly, M2M's "damages, if any, are purely monetary and can be accommodated by the award of interest if it ultimately prevails." *Id*. M2M has represented that it does not plan to seek damages beyond a reasonable royalty. *See* Related Case, D.I. 21 at 1 ("M2M will principally be seeking to recover reasonable royalty damages in this case adequate to compensate it for Amazon's alleged infringement in an amount yet to be determined, together with interest and costs as fixed by the Court.  The requested stay will not affect the time periods for which M2M may seek damages.  Additionally, M2M has repeatedly asked the Court to stay this and the Related Case pending resolution of the IPRs on the related patents (*see* D.I. 113, 14; Related Case, D.I. 61, 67, 68), further confirming that M2M will not be prejudiced by the requested stay.

## IV.   CONCLUSION

For the reasons discussed above, Amazon submits that each of the relevant factors supports the requested stay of this case pending resolution of the '477/'989 IPR proceedings.  Amazon respectfully requests that the Court grant its Motion.

| | |
|---|---|
| OF COUNSEL:<br><br>Christina J. McCullough<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101<br>(206) 359-8000<br><br>Daniel T. Shvodian<br>Wing H. Liang<br>PERKINS COIE LLP<br>3150 Porter Drive<br>Palo Alto, CA 94304<br>(650) 838-4300<br><br>July 15, 2019 | */s/ Steven J. Balick*<br>Steven J. Balick (No. 2114)<br>Andrew C. Mayo (No. 5207)<br>ASHBY & GEDDES<br>500 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, DE 19899<br>(302) 504-3700<br>sbalick@ashby-geddes.com<br>amayo@ashby-geddes.com<br><br>Attorneys for Defendant<br>AMAZON.COM, INC. |