# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M2M SOLUTIONS LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　Defendants. | Civil Action No.: 18-1532-LPS-CJB<br><br>JURY TRIAL DEMANDED |

## REPLY BRIEF IN SUPPORT OF MOTION TO STAY
## PENDING *INTER PARTES* REVIEW

OF COUNSEL:

Christina McCullough
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
(206) 359-8000

Daniel Shvodian
Wing Liang
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300

Steven J. Balick (No. 2114)
Andrew C. Mayo (No. 5207)
ASHBY & GEDDES, P.A.
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
(302) 504-3700
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

Attorneys for Defendant
AMAZON.COM, INC.

Dated: August 14, 2019

{01477619;v1 }

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 2

      I.     M2M Fails to Rebut Amazon's Showing that a Stay Will Simplify the Issues the Court Must Resolve in This Case........................................................... 2

      II.    M2M Has Failed to Rebut Amazon's Showing that the Early Stage of this Case Favors a Stay. ................................................................................................... 4

      III.   M2M Has Failed to Rebut Amazon's Showing that a Stay Would Not Unduly Prejudice M2M. ........................................................................................... 5

CONCLUSION..................................................................................................................... 7

# **TABLE OF AUTHORITIES**

*Cases:*                                                                                                                                                 *Page(s):*

*Contour IP Holding, LLC v. GoPro, Inc.*,
    No. CV 15-1108-LPS-CJB, 2016 WL 4474340 (D. Del. July 14, 2016) .................................5

*FMC Corp. v. Summit Agro USA, LLC*,
    No. CV 14-51-LPS, 2014 WL 3703629 (D. Del. July 21, 2014) .............................................5

*Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*,
    Civ. No. 12-1461-LPS-CJB, 2014 U.S. Dist. LEXIS 61555 (D. Del. Jan. 15,
    2014) .......................................................................................................................................5, 6

*Universal Secure Registry, LLC v. Apple Inc.*,
    No. 17-585-CFC-SRF, 2018 U.S. Dist. LEXIS 159539 (D. Del. Sept. 19,
    2018) ..........................................................................................................................................5

*Statutes:*

35 U.S.C. § 314(a) ..........................................................................................................................3

## **INTRODUCTION**

Amazon readily acknowledges that under normal circumstances, this Court prefers to wait until after the Patent Trial & Appeal Board ("Board") has decided to institute *inter partes* review before staying the related case.  The circumstances of this case, however, are not normal.  Under the facts presented here—where the asserted patents are substantially similar to patents the Board has already invalidated—the pre-institution timing should not preclude the requested stay.

The Board's institution decisions for the '477/'989 IPRs will be issued in early January 2020.[1]  M2M concedes that between now and then, "[o]nly a very modest slate of case events needs to occur."  D.I. 24 ("Opp.") at 1.  M2M further concedes that the parties will be in an advanced position when fact discovery opens, given that all discovery from the Related Case can be used in the present case.  *Id*. at 4.  And M2M does not dispute that it *will* be appropriate to stay this case, if and when the Board institutes review in the '477/'989 IPRs.

If the Court declines to stay this case now, judicial resources will be diverted to case management, discovery disputes, and motions on the pleadings over the next five months—all for patents that are materially similar to ones the Board recently has invalidated, and with respect to which there is no basis to believe the Board suddenly will experience a complete reversal of the conclusions it reached in the Related Case.  If the Board ultimately invalidates the '477/'989 patents, as it did the Related Case patents, these resources will have been wasted.  Staying the case now avoids this risk.  Should the Board deny institution, the parties' substantially advanced state of discovery and technical analysis from the Related Case will fully compensate for any lost time.

---

[1] The '477/'989 IPRs were accorded July 11, 2019 filing dates, making institution decisions due on or about January 11, 2020.  *See* Case Nos. IPR2019-01204, IPR2019-01205, Paper No. 3.

This case presents unusual circumstances under which a pre-institution stay will meaningfully simplify the Court's docket and cause no prejudice to M2M. The Court should stay this case pending resolution of the '477/'989 IPRs.

## ARGUMENT

**I.  M2M Fails to Rebut Amazon's Showing that a Stay Will Simplify the Issues the Court Must Resolve in This Case.**

M2M does not disagree that *if* the Board institutes review in the '477/'989 IPRs, then it would be appropriate for the Court to stay this case. Indeed, M2M stipulated to a stay of the Related Case when the Board instituted review in the IPRs on the Related Case patents. Case No. 1:17-cv-00202-LPS-CJB, D.I. 61. M2M cites various cases evidencing this Court's preference to defer deciding whether to stay a case until after the Board's institution decision. Opp. at 16. But M2M does not cite any case—and Amazon is aware of none—in which a pre-institution stay request was based on patents materially similar to patents the Board had already invalidated in other IPRs.

M2M argues that the Board is unlikely to institute the '477/'989 IPRs because M2M has added new limitations to those patents. Opp. at 17-18. Amazon is not, as M2M suggests, "exploiting this Court's lack of familiarity with the IPR record." *Id*. This Court need not resolve the specific questions of invalidity at issue in the '477/'989 and Related Case IPRs; the Board will do that. But it is self-evident that the invalidated '358 patent claims bear a high degree of similarity to the claims of the '477/'989 patents. *See* D.I. 18-1, Exhibits 3 and 4 (redlining '477 and '989 claims against '358 claims).

M2M's discussion of the '477/'989 claims illustrates this similarity. M2M does not even attempt to argue that the '477 patent's independent claims are materially distinct from the '358 patent claims. For the '989 patent independent claims, M2M points only to the "consumer usage

information" limitation, which Amazon has already addressed.  Opp. at 6-7; D.I. 18 (Amazon's Opening Brief in Support of Motion to Stay, "Br.") at 9.  The dependent claims relating to SMS (Opp. at 8) merely repackage limitations recited by the already invalidated '358 patent.  *See* D.I. 18-1, Exhibits 3 and 4.  And the incremental subject matter added to the other dependent claims—that the previously-claimed unique identifiers now comprise an "identification code" and that the previously-claimed automatic deletion of files now occurs "without replacement" (Opp. at 7-8)—is already disclosed by the existing prior art references.  *See* D.I. 18-1, Exhibit 1 ("'358 IPR Final Written Decision") at 56 (finding that Kloba discloses sending TCP/IP packets including the target device's IP address, which is an "identification code"); *id.* (finding that Kloba discloses strictly "removing" information such as objects and channels from a device).

M2M next argues that the Board is likely to deny institution of the '477/'989 IPRs because, allegedly, "new IPR petitions are now being routinely denied where they present overlapping issues" to issues the Board previously considered.  Opp. at 18.  M2M's cited authority, however, relates to successive IPR petitions filed on the same patents that have been subject to previous IPR challenges.  The Board has never used its discretion under 35 U.S.C. § 314(a) to deny institution of an IPR *for a patent that has never been challenged*, as is the case here.  The '477/'989 patents issued just last year, and Amazon's petitions present the first IPR challenges to those patents.

Finally, M2M argues that the '477/'989 IPRs will not suffer the same fate as the Related Case IPRs because the Board will now apply the *Phillips* claim construction standard to the "management instructions" claim term.  Opp. at 18.  M2M does not explain how the Board's construction of this term would differ under the *Phillips* standard.  To the contrary, the Board's claim construction analysis comports fully with *Phillips*.  *See* '358 IPR Final Written Decision at 24 ("Upon consideration of the plain language of the claim and the description in the specification,

we conclude that this limitation should be given its ordinary meaning, i.e., the sending of communications containing management instructions, not the management instructions themselves, is based upon the results of processing consumer usage information."); D.I. 18-1, Exhibit 2 ("'358 IPR Decision Denying Request for Rehearing") at 15 ("In sum, we are persuaded that the plain language of the claims and the description in the specification support the constructions we adopted in the Final Written Decision.").[2]

The primary issue to be resolved for the simplification factor is whether the high degree of similarity between the '358 and '477/'989 claims indicates a correspondingly high likelihood that the Board will institute review in the '477/'989 IPRs.  It does.

**II.     M2M Has Failed to Rebut Amazon's Showing that the Early Stage of this Case Favors a Stay.**

M2M does not dispute that this case is in its infancy and that Amazon filed its Motion promptly.  *See* Br. at 12.  M2M argues, however, that the early stage of the case actually *dis*favors the requested stay because the parties will "expend only *de minimis* resources" before the Board decides whether to institute review in the '477/'989 IPRs.  Opp. at 19.  M2M contends that the parties will face "especially light lifting given their stipulated agreement that allows for reusing discovery" from the Related Case.  *Id*.

---

[2]     The Board expressly rejected M2M's contention (Opp. at 5, 18) that Amazon introduced a "new" or "opposite" construction for the "management instructions" term at the IPR hearing.  The Board determined that Amazon "provided [its proposed construction] implicitly in the Petition through its application of the claim terms" ('358 IPR Decision Denying Request for Rehearing at 4) and that it was M2M, not Amazon, that had "offer[ed] a new and different proposed construction" post-hearing (*id*. at 6).  Similarly, the Board rejected M2M's contention (Opp. at 5) that Amazon's position was inconsistent with this Court's resolution of the § 101 motion in the Related Case, observing that "there is no indication that the claim limitations at issue here were … contested or meaningfully argued" for purposes of subject matter eligibility.  '358 IPR Decision Denying Request for Rehearing at 14-15.

M2M cannot have it both ways. If M2M does not intend to seek meaningful additional discovery beyond what it received in the Related Case, then M2M cannot claim prejudice if the case is stayed until January: it is already in possession of the information it needs. And if, as seems more likely, M2M intends to seek expanded discovery in excess of what Amazon has already produced, that is precisely what this factor aims to prevent. *E.g.*, *Contour IP Holding, LLC v. GoPro, Inc.*, No. CV 15-1108-LPS-CJB, 2016 WL 4474340, at *3 (D. Del. July 14, 2016) ("staying a case in its early stages … prevents the court and parties from expending resources on claims that may later be rendered invalid").

M2M cites *Universal Secure Registry, LLC v. Apple Inc.*, No. 17-585-CFC-SRF, 2018 U.S. Dist. LEXIS 159539 (D. Del. Sept. 19, 2018), as purported support for the position that early-stage cases should not be stayed. In that case, however, the court specifically noted the lack of expected discovery that would occur before institution: "It remains likely that the PTAB's institution decisions will precede large-scale and expensive discovery efforts related to document production or claim construction." *Id.* at *10. Unless M2M is willing to forego additional discovery against Amazon, this reasoning does not apply here. The early stage of the case weighs firmly in favor of a stay. *E.g.*, *FMC Corp. v. Summit Agro USA, LLC*, No. CV 14-51-LPS, 2014 WL 3703629, at *4 (D. Del. July 21, 2014) ("No schedule has yet been entered, no Rule 16 conference has been held, general fact discovery has not begun as to Counts II–IV, and no trial date has been set. As a result, the relatively early stage of the litigation clearly favors a stay.").

### III. M2M Has Failed to Rebut Amazon's Showing that a Stay Would Not Unduly Prejudice M2M.

M2M does not dispute Amazon's showing (Br. at 13-14) that M2M does not compete with Amazon and will be sufficiently compensated for any injury with monetary damages. Instead, M2M cites *Princeton Digital Image Corp. v. Konami Digital Entm't, Inc.*, Civ. No. 12-1461-LPS-

CJB, 2014 U.S. Dist. LEXIS 61555 (D. Del. Jan. 15, 2014) to argue that prejudice to a non-movant is highest for stays that last the lifetime of IPR proceedings. Opp. at 20. *Princeton Digital* does not support M2M's position. In *Princeton Digital*, this Court *granted* a stay—pre-institution—despite the expected duration of the IPR. *Id*. at *22 ("The potential for simplifying the issues, the current status of this litigation and the amount of undue prejudice associated with the stay requests all favor a stay"). Key to the Court's determination was that "there is no dispute that the parties are not direct competitors" and "Plaintiff's damages, if any, are purely monetary and can be accommodated by the award of interest if it ultimately prevails." *Id*. at *21. The same is true of M2M here.

M2M next protests that it has "already ha[d] to endure 30 months-worth of stays in prosecuting the Related Case." Opp. at 20. M2M should not be heard to complain about "enduring" a stay to which it has repeatedly stipulated. *See* Case No. 1:17-cv-00202-LPS-CJB, D.I. 61, 67, 68. Additionally, that stay served its intended purpose of simplifying the Related Case: because the IPRs invalidated all three asserted patents, there was no need for any further action in the litigation.

M2M also argues that Amazon "delayed" in filing the '477/'989 IPRs and that this should weigh against a stay. Opp. at 20. Not so. Amazon filed its petitions shortly after the Board issued its denial of M2M's rehearing request, which resolved the parties' disputes regarding construction of Related Case patent claim terms that are also recited by the '477/'989 patents.

Finally, M2M argues that Amazon has "failed to articulate a clear hardship" that Amazon would suffer absent a stay. Opp. at 20. But unless M2M commits to seeking no additional discovery from Amazon beyond what Amazon produced in the prior case, the hardship to Amazon is substantial and self-evident. M2M's complaint broadly accuses Amazon Kindle functionality. D.I. 1 at 11, ¶ 19. These allegations implicate numerous distinct product teams and platforms and

untold thousands of source code files. The burden on Amazon in identifying individuals knowledgeable about the accused functionality, documents describing the accused functionality, and source code implementing the accused functionality would be immense. Further, the majority of this burden would fall on the engineers responsible for developing Amazon's innovative technologies, imposing day-to-day hardship on these employees and diverting resources from Amazon's engineering efforts.

M2M will not be prejudiced by a stay; Amazon, however, would suffer substantial hardship without one. This factor weighs in favor of a stay.

## CONCLUSION

For the reasons discussed in this brief and in Amazon's Motion, Amazon respectfully requests that the Court stay this case pending resolution of the '477/'989 IPRs.

Dated:  August 14, 2019

OF COUNSEL:

Christina McCullough
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
(206) 359-8000

Daniel Shvodian
Wing Liang
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304
(650) 838-4300

/s/ *Steven J. Balick*
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19801
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

Attorneys for Defendant
AMAZON.COM, INC.